IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES THOMAS KUPKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0152 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Charles Thomas Kupka (former TDCJ #1159188, #918603, #742703, #630717) has filed a complaint under 42 U.S.C. § 1983, alleging civil rights violations in connection with his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). After reviewing all of the pleadings, and the applicable law, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.  BACKGROUND**

Kupka filed a civil rights complaint shortly after his release from TDCJ. In that complaint, which is dated January 15, 2009, Kupka contends that he received a four-year prison sentence but that he was incarcerated for four years and three days. Kupka also claims that, while at the Huntsville Unit awaiting his release, he was forced to view the dead body of a recently executed inmate. He claims that he is having nightmares as a result.

Kupka sues the following officials under 42 U.S.C. § 1983, for violating his constitutional rights during the course of his imprisonment: (1) TDCJ Executive Director Brad Livingston; (2) State Counsel for Offenders Director Kim Vernon; (3) the unidentified

Director of TDCJ Classification; (4) Texas Governor Rick Perry; and (4) the Senior Warden of the Huntsville Unit. Kupka contends that these defendants were "grossly negligent" and he seeks "just damages" for their "criminal acts." The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

As noted above, Kupka proceeds *in forma pauperis* in this instance. As such, the complaint is subject to preliminary review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A district court may dismiss an IFP complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts

2

pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Notwithstanding this liberal standard of review, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

### A. Supervisory Liability

The pleadings reflect that Kupka sues all of the named defendants in their capacity as supervisory officials only. A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

Kupka has not alleged facts showing that any of the defendants had the requisite personal involvement with a constitutional violation. Likewise, Kupka has not shown that the enforcement of any particular prison policy was the moving force behind a violation of his constitutional rights. Because Kupka does not allege specific facts demonstrating that the defendants had the requisite personal involvement with his underlying claims, his complaint against the defendants fails to state a claim for which relief can be granted under 42 U.S.C. § 1983. Kupka's complaint also fails for other reasons set forth briefly below.

**B.**  *Heck v. Humphrey*

Kupka complains that prison classification officials calculated his prison sentence erroneously and that, as a result, he was incarcerated for three days past the expiration of his four-year prison sentence.[1] Kupka contends that he made prison officials aware of his

---

[1] A national prisoner litigation index reflects that Kupka has filed at least ten federal habeas corpus actions to challenge various state court convictions and the calculation of his prison sentences. From these records, it appears that Kupka was convicted most recently in 2003, for evading arrest in Montgomery County cause number 03-03-1822-CR-1, for which he received a four-year prison sentence. *See Kupka v. Dretke*, Civil No. 04-3543 (S.D. Tex.)
(continued...)

"impending false imprisonment," but that classification officials failed to correct the calculation of his sentence or release him from prison in a timely manner. Kupka seeks compensatory damages for the erroneous administration of his sentence and his false imprisonment.

To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

State prisoners who challenge the administration of their sentence may seek relief in state court by filing a habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. As of January 2000, Texas inmates who dispute the amount of time

---

[1](...continued)
    (Doc. # 1). Kupka was apparently on parole at the time of this offense. Thus, upon his return to prison, he had additional time left to serve from a 1993 theft-by-check conviction entered against him in Nacogdoches County cause number 5695-94-1, which resulted in a ten-year prison term. *See Kupka v. Dretke*, Civil No. H-06-0156 (S.D. Tex.) (Doc. # 1).

they have served may be required to present their claims to a prison "dispute resolution" tribunal prior to filing an application for a writ of habeas corpus under Article 11.07. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon Supp. 2001); *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam). Public records show that Kupka has filed numerous habeas corpus applications at the state level. Likewise, the Court takes judicial notice that Kupka has filed more than one federal habeas corpus proceeding to challenge his conviction and that he has also attempted to challenge the calculation of his sentence. *See Kupka v. Dretke*, Civil No. H-06-0156 (S.D. Tex.); *Kupka v. Dretke*, Civil No. H-05-1046 (S.D. Tex.); *Kupka v. Dretke*, Civil No. H-04-3543 (S.D. Tex.). None of the available court records show, however, that the calculation of his sentence was invalidated or set aside. Thus, Kupka's civil rights complaint to challenge the calculation of his sentence is barred by the rule in *Heck*.

The Court acknowledges that Kupka is no longer incarcerated pursuant to the sentence that he purports to challenge. However, the Fifth Circuit has held that a civil rights complaint contesting the validity of a prisoner's conviction or sentence is barred by *Heck* even though his sentence has expired and he is no longer in custody. *See Randell v. Johnson*, 227 F.3d 300, 301-02 (5th Cir. 2000). Because Kupka's allegations would, if true, necessarily imply the invalidity of his sentence his civil rights claims are not cognizable under 42 U.S.C. § 1983 and his complaint must be dismissed with prejudice. *See id.*; *see also Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred

6

by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### C.     Eighth Amendment  — Claims of Mental Anguish

Kupka complains further that he was tormented in an undisclosed manner at the Huntsville Unit when he was "forced" to view the body of a recently executed inmate. Kupka does not provide any details about how this incident occurred. Kupka explains, nevertheless, that the incident has caused him to suffer nightmares because, in 2003, he was convicted for evading arrest. During the course of evading arrest, Kupka apparently believed that the pursuing police officer was trying to kill him. Based on this belief, Kupka complains that prison officials were "grossly negligent" by exposing him to conditions which caused him to suffer emotional distress and he seeks compensatory damages for his mental anguish.

It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment, however, does not require comfortable prisons. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Rather, the Eighth Amendment only prohibits cruelty of the sort that results in the "wanton and unnecessary infliction of pain." *Rhodes*, 452 U.S. at 347.

To state a claim under the Eighth Amendment, a prisoner must demonstrate that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.*; *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983). Kupka's allegation that prison officials negligently exposed him to a harmful condition is not sufficient to state a constitutional violation of the Eighth Amendment.

Likewise, Kupka's allegations of mental and emotional distress are insufficient to state a claim in this instance. Before Congress enacted the Prison Litigation Reform Act ("PLRA") in 1995, it was an open question in this circuit whether an inmate could bring a claim under the Eighth Amendment for psychological or emotional harm without physical injury. *See Smith v. Aldingers*, 999 F.2d 109, 110 (5th Cir. 1993) (questioning whether, absent physical contact, an inmate who required psychiatric counseling after he was allegedly threatened by an officer with a knife could pursue a claim for "purely emotional injuries" under the Eighth Amendment). The PLRA clarified, however, that prisoners may not file suit "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Kupka filed the complaint in this instance days after his release from prison. The Court notes that, if Kupka had filed his complaint while still in custody, his Eighth

8

Amendment claim clearly would be precluded by the PLRA because he does not allege that he suffered any physical injury.  In that regard, the Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e).  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  Even under pre-PLRA standards, however, Kupka's allegations of mental and emotional distress fall short of the level of harm required to make an Eighth Amendment claim.  *See Smith*, 999 F.2d at 110; *see also Stitt v. Collins*, 66 F.3d 321 (5th Cir. 1995) (unreported) (holding that sexual harassment, threatening gestures, and intimidation tactics, which caused an inmate to believe that guards intended to cause him physical harm, were insufficient to state a cognizable claim under the Eighth Amendment).  For all of the foregoing reasons, the complaint will be dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## IV.  **CONCLUSION AND ORDER**

Based on the foregoing, it is **ORDERED** that the plaintiff's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Houston, Texas, on March 27, 2009.

Nancy F. Atlas
United States District Judge